IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1638 |
| | ) | |
| LEGUM NORMAN MIDWEST | ) | |
| 33 West Ontario Street | ) | |
| Chicago, IL 60610, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Thomas Wilson ("Wilson") has employed the Complaint of Employment Discrimination form provided by the Clerk's Office for use by nonlawyers to sue his former employer Associa/Legum & Norman, MidWest for asserted race-based and color-based discrimination. It appears from the Complaint and its attached Charge of Discrimination and right-to-sue letter that Wilson has complied with the statutory preconditions to suit. This memorandum order is instead issued sua sponte because of what appear to be some problematic aspects of Wilson's action.

To begin with, Wilson has accompanied his Complaint with another Clerk's-Office-supplied form, a Motion for Attorney Representation ("Motion"). Because Wilson has paid the $400 filing fee, this Court assumes that he saw no need to submit a Clerk's-Office-supplied In Forma Pauperis Application ("Application") form, even though consideration of the Motion necessitates a filled-out Application to establish a plaintiff's financial inability to bear the cost of retained counsel. In addition, our Court of Appeals requires a specific showing of a party's efforts to retain counsel on his or her own before a court can entertain such a motion, and in this

instance Wilson has failed to provide the necessary response to Motion ¶ 2. Accordingly this Court cannot act on Wilson's Motion.

More substantively, Wilson has accompanied the Complaint and the other necessary documents referred to earlier with a batch of e-mails over 1/4 inches thick, thus pleading evidence in a federal system that is fundamentally based on notice pleading rather than the type of evidence pleading permitted in the state court legal system. This Court has nonetheless waded through many of those materials, and although this should not be misunderstood as an ultimate substantive ruling on Wilson's action, it appears that his approach partakes more of "I was terminated <u>and</u> I am an African American" than of the essential "I was terminated <u>because</u> I am African-American." This Court will of course await developments in the litigation with that distinction in mind. In the meantime it is contemporaneously issuing its customary scheduling order in the case.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 2, 2015